# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD PEA (#457171)**                                      **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                      **NO. 14-0083-JJB-EWD**

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on February 28, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONALD PEA (#457171)**                                **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                **NO. 14-0083-JJB-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the application by Petitioner Donald Pea for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

### I. Procedural History

On November 17, 2005, after a trial by jury, Petitioner was found guilty of one count of armed robbery in the Twenty-first Judicial District Court for the Parish of Livingston, State of Louisiana. Petitioner was thereafter sentenced to a term of 70 years of imprisonment at hard labor, without the benefit of probation, parole or suspension of sentence.

Petitioner pursued a direct appeal, asserting as a single assignment of error that the trial court had imposed an excessive sentence. On February 9, 2007, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction, vacated the sentence, and remanded for resentencing, finding that "the trial court did not wait the required twenty-four hours after denial of the defendant's motions for new trial and for post-verdict judgment of acquittal before sentencing the defendant, nor did the defendant waive the waiting period." *See State v. Pea,* 949 So.2d 672, 2007 WL 437786 (La. App. 1st Cir. 2007). Petitioner was thereafter resentenced in the trial court on February 27, 2007 to the same 70-year term of imprisonment, without the benefit of parole,

probation or suspension of sentence. Petitioner again appealed and again asserted as a single assignment of error that the trial court had imposed an excessive sentence. On May 2, 2008, the Louisiana First Circuit Court of Appeal affirmed Petitioner's sentence. *See State v. Pea,* 2008 WL 2056278 (La. App. 1st Cir. May 2, 2008).

Petitioner sought review further review before the Louisiana Supreme Court. On February 6, 2009, the Louisiana Supreme Court denied review, without comment. *See State v. Pea*, 999 So.2d 770 (La. 2009).

Petitioner signed an application for post-conviction relief ("PCRA") on July 9, 2009, and it was docketed in the state trial court on July 13, 2009.

Petitioner asserted the following grounds for relief:

1. There was insufficient evidence to support his armed robbery conviction;

2. The indictment was defective because it was not returned in open court;

3. The trial court's instruction on the law of principals was erroneous, and Petitioner was denied the effective assistance of counsel when his trial and appellate attorneys, respectively, failed to object at trial or raise on appeal the improper jury instruction;

4. His attorney denied him the right to testify on his own behalf at trial;

5. The trial court erred when it failed to properly charge the jury on circumstantial evidence, and trial counsel was ineffective for failing to object to that deficiency;

6. His equal protection rights were violated when the prosecutor used peremptory challenges to exclude jury venire members on the basis of race; and

7. He was denied effective assistance of trial counsel when counsel failed to engage in reasonable pretrial preparation, failed to object to the fatally defective indictment, failed to object to jury instructions, and failed to subject the State's case to a meaningful adversarial process.

On June 26, 2012, Petitioner filed a Motion to Amend and/or Supplement Original Application for Post-Conviction Relief, wherein he sought to strike his original Ground 6, above, and supplement and amend Ground 6 to assert a new claim that his equal protection rights were

violated by the exclusion of African-Americans from the jury venire.   Petitioner's Motion further sought to add an additional claim that his appellate attorney provided ineffective assistance by failing to raise the equal protection claim on direct appeal.

On November 21, 2012, the trial court denied Petitioner's PCRA.

Petitioner thereafter filed an application for supervisory review in the Louisiana First Circuit Court of Appeal.   The First Circuit Court denied review on February 28, 2013.   Petitioner sought further review in the Louisiana Supreme Court, which Court denied review on September 27, 2013.   *State ex rel. Donald Pea v. State of Louisiana*, 123 So.3d 182 (La. 2013).

Petitioner signed his federal habeas corpus application on February 5, 2014, and it was electronically filed in this Court on February 6, 2014.   Petitioner asserts the following grounds for relief:

| | |
|---|---|
| Ground one: | His sentence was constitutionally excessive; |
| Ground Two: | There was insufficient evidence to support his armed robbery conviction; |
| Ground Three: | The indictment was defective because not brought in "open court"; |
| Ground Four: | The trial court gave an erroneous jury instruction on the law of principals; |
| Ground Five: | He was denied the right to testify on his own behalf; |
| Ground Six: | The trial court erred when it failed to charge the jury on circumstantial evidence, and trial counsel was ineffective for failing to object to this deficiency; |
| Ground Seven: | His right to a fair trial was violated when there were no African-Americans in the jury venire, and he received ineffective assistance of counsel on appeal when appellate counsel failed to assert this claim on appeal; and |
| Ground Eight: | He was denied effective assistance of counsel in several respects. |

## II. Applicable Law and Analysis

### A. Standard of Review

Turning to a consideration of Petitioner's claims, the standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).   Under this statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.   *Williams v. Taylor*, 529 U.S. 362, 413 (2000).   Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the petitioner's case or reaches a decision based on an unreasonable factual determination.   *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).   Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness.   *Id.   See also Williams v. Taylor, supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").   State court determinations of underlying factual issues are presumed correct, and Petitioner has the burden to rebut the presumption with clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.   *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *McCamey v.*

*Epps*, 658 F.3d 491, 497 (5th Cir. 2011).   Review under § 2254(d)(1) focuses on what a state court knew and did.   *Cullen v. Pinholster, supra*, 563 U.S. at 182.   "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review.   If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court."   *Id.* at 184.   State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).   *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d).   *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[1]

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court.   *Williams v. Taylor*, 529 U.S. 362, 405, 406 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case."   *Id.* at 413.

The State contends that, applying this standard to Petitioner's claims, there is no basis for the granting of habeas corpus relief.

---

[1]     The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law.   *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

Petitioner's Claim No. 1, Regarding An
Alleged Excessive Sentence, Is Without Merit

Petitioner initially contends that his seventy-year sentence is excessive.   In this regard, the Eighth Amendment protects against cruel and unusual punishments.   In order for the petitioner to establish cruel and unusual punishment in this context, he must establish that the punishment meted out to him was grossly disproportionate to the crime he committed.   *Ewing v. California*, 538 U.S. 11 (2003); *Solem v. Helm*, 463 U.S. 277 (1983).   If the contested sentence falls within the statutory limits, the sentence is entitled to a presumption of constitutionality and will not be upset unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking.   *Swayzer v. Lee*, 2010 WL 5187692, *4 (W.D. La. Oct. 14, 2010) *citing Bonner v. Henderson*, 517 F.2d 135 (5th Cir. 1975).   Excessive sentence claims are analyzed as follows: First, a threshold comparison is made concerning the gravity of the offense against the severity of the sentence.   If the sentence is grossly disproportionate to the severity of the offense, then and only then, the Court compares the sentence in question to (1) sentences for similar crimes in the same jurisdiction, and (2) sentences for the same crime in other jurisdictions.   *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992).   However, if the sentence is not "grossly disproportionate" in the first instance, the inquiry is finished.   *United States v. Gonzales*, 121 F.3d 928 (5th Cir. 1997).

As the Supreme Court has noted, outside the context of capital punishment, successful proportionality challenges are "exceedingly rare," and constitutional violations are sustained in only "extreme" or "extraordinary" cases.   *Ewing v. California, supra; Lockyer v. Andrade*, 538 U.S. 63 (2003).

In the instant case, Petitioner was convicted of a violent crime perpetrated with a weapon against unarmed victims.   In Louisiana, the crime of armed robbery is punishable by up to ninety-nine years in confinement.   Petitioner's seventy-year sentence, therefore, was within the statutory

limit and is presumptively constitutional.   Petitioner has not established that his sentence was "grossly disproportionate."   Since the sentence was not grossly disproportionate, further inquiry into the proportionality of the sentence is unnecessary.   *United States v. Gonzales, supra; Smallwood v. Johnson*, 73 F.3d 1343 (5th Cir. 1996).   In short, Petitioner is not entitled to relief in connection with his excessive sentence claim.[2]

Petitioner's Claim No. 2, Regarding The
Alleged Insufficiency Of The Evidence, Is Without Merit

The standard for testing the sufficiency of the evidence on federal habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Knox v. Butler*, 884 F.2d 849, 851 (5th Cir. 1989). This standard of review applies in both direct and circumstantial evidence cases.   *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012).   In reviewing the sufficiency of the evidence under this standard, the federal habeas court must defer to the state court fact-finder's evaluation of the credibility of witnesses and the resolution of conflicts in the evidence.   *Knox v. Butler, supra*, 884 F.2d at 851.   *See also Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002); *Hosey v. Goff*, 2013 WL 1500883, *2 (S.D. Miss. March 11, 2013).   Further, the federal habeas court's consideration of the sufficiency of the evidence is limited to a review of the record evidence adduced at the

---

2        The Court further notes, as conceded by Petitioner in his supporting memorandum (R. Doc. 1-1 at p. 6), that his pre-sentence investigation report ("PSI") reflected that he had previously "pled no contest to illegal possession of stolen things and simple burglary of an inhabited dwelling, and was on probation in connection with those crimes when he committed the instant offense. Charges were also pending against him in connection with two aggravated rapes he allegedly committed while incarcerated at the Livingston Parish jail.   On remand, the PSI concluded, [defendant] poses an imminent threat to public safety and should be sentenced to the full 99 years without benefit of probation, parole, or suspension of sentence."   Notwithstanding this recommendation, the trial court apparently took other factors into account and imposed a lesser 70-year sentence.

petitioner's state court trial.   *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005); *Knox v. Butler, supra*, 884 F.2d at 852 n. 7.   State law defines the substantive elements of the offense,3 and a state judicial determination that the evidence was sufficient to establish the elements of the offense is entitled to great weight on federal habeas review.   *Dickinson v. Cain*, 211 F.3d 126, *5 (5th Cir. 2000); *Hawkins v. Lynaugh*, 844 F.2d 1132, 1134 (5th Cir. 1988).

In attacking the sufficiency of the evidence in this case, Petitioner apparently asserts that there was insufficient evidence to establish that he was one of the perpetrators of the armed robbery that occurred on June 20, 2003.   In this regard, the evidence adduced at trial reflects that on that date, at around 4:30 or 5:00 p.m., three assailants stormed the Hibernia Bank branch office located in Albany, Louisiana.   Four bank employees were present during the ensuing robbery.   A robber wearing all black clothing and a ski mask jumped over the counter and threatened one of the employees, Connie Lutz, with a firearm and removed money from the cash drawer at that location. Another robber forced employee Teresa Rogers to open the bank vault and threatened to shoot her when she was unable to do so quickly.   A subsequent audit revealed that over $350,000 was missing from the bank after the robbery.

The three participants in the robbery were observed leaving the bank in an older model gray sedan with a temporary out-of-state license plate that was secured to the vehicle with duct tape.   Officers began searching for the vehicle and, a short time later, the Albany Chief of Police, Ronnie Gregoire, observed a gray sedan parked next to another vehicle on a side street with three people standing nearby.   As Chief Gregoire approached, two of the suspects entered the second car which drove away, and the third suspect ran into the nearby woods.   A search of the gray car,

---

3       Louisiana's armed robbery statute is La. R.S. 14:64, which defines the crime as "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."

which had a temporary Wisconsin license plate secured to the car with duct tape, resulted in the discovery of, *inter alia,* a quantity of loose cash, bank money wrappers, pieces of duct tape and a handgun and two cap pistols.   A search of the nearby woods also led to the discovery of a larger quantity of cash.

Police and FBI investigators located and interviewed the driver of the second vehicle, who led them to a trailer park where a witness identified Petitioner as one of the people driven to that location.   The witness also testified that Petitioner was wearing all black clothing and seemed anxious and wanted to leave the area.   The witness testified that she secured a room for Petitioner under her name at a nearby motel.   A subsequent search of the motel room uncovered clothing which contained DNA consistent with Petitioner.

In addition to the foregoing circumstantial evidence, testimony was presented at trial by one of the bank employees, Luci Hanwinkle, that she observed Petitioner's face in profile as he entered the bank while pulling down his ski mask.   She later chose Petitioner from a photographic line up and testified that she was 85-90% sure that Petitioner was the person she had observed robbing the bank.   Crime lab technicians also testified at the trial, one of whom attested that Petitioner's fingerprints were found on the exterior of the vehicle and also on pieces of duct tape found both in the gray car and on the vehicle license plate.   Another crime lab technician testified that DNA consistent with Petitioner was found on the handgun and on some jumper cables discovered in the vehicle, as well as on an item (a communication device) that was abandoned at the bank.

Based on the foregoing, the jury returned a unanimous verdict, finding Petitioner guilty of the charged offense.   It is not this Court's function to determine what the jury could have found if only it had viewed the evidence differently.   Instead, the Court's role is to determine whether

the evidence, viewed in a light most favorable to the prosecution, was sufficient to prove every element of the crime beyond a reasonable doubt.   Further, as noted above, this Court is limited to determining whether the Louisiana courts unreasonably applied the due process standards of *Jackson v. Virginia, supra*, in affirming Petitioner's conviction.   Under 28 U.S.C. § 2254(e)(1), a determination of a factual issue shall be presumed correct, and Petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence.

In light of the foregoing standard, the Court finds no unreasonable application of *Jackson v. Virginia* and the Due Process Clause.   Viewing the evidence in the light most favorable to the prosecution, the jury could have believed that Petitioner was one of the perpetrators of the armed robbery that occurred on June 20, 2003.   Accordingly, this Court is unable to conclude that the state court unreasonably applied the standard set forth in *Jackson v. Virginia, supra*, and Petitioner's contention is without merit relative to this claim.

Petitioner's Claim No. 3, Regarding An
Alleged Deficient Indictment, Is Without Merit

Petitioner next asserts that the grand jury indictment in this case, under which he was charged, was fatally defective because there was no showing that the indictment was presented in open court as required by Louisiana law.   *See* La. Code Crim. P. art. 383.

In this Circuit, "'the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction.'" *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984), *quoting Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980).   The *Liner* court further stated that a challenge to the sufficiency of a state indictment is valid for federal habeas purposes only when the indictment is so defective that under no circumstances could a valid state conviction result from facts provable thereunder and that this can be determined "only by looking to the law of the state where the

indictment was issued." *Id. at 1203, quoting Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983).   Notwithstanding, when a state court has found that an indictment is sufficient under state law, a federal court need not address this issue.   *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir. 1987).   This conclusion follows from the "due deference to the state court's interpretation of its own law that a defect in an indictment does not deprive a state trial court of jurisdiction."   *Davis v. Craig*, 66 F.3d 319, *3 (5th Cir. 1995), *quoting McKay v. Collins, supra*.   To this end, the courts of this Circuit adhere to the rule that a federal habeas court will not consider such claims "[w]hen it appears ... that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case."   *See Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985).

In the instant case, Petitioner asserted the above claim in the Louisiana Supreme Court on post-conviction review.   That Court denied relief upon a writ of discretionary review.   By refusing to grant Petitioner relief, the Louisiana Supreme Court has necessarily, though not expressly, concluded that the Louisiana courts had jurisdiction over the case and that the indictment was sufficient for that purpose.[4]   *See Landor v. Cain*, 2014 WL 7342361, *19 (E.D. La. Dec. 23, 2014), *citing Alexander v. McCotter, supra*.   Accordingly, this claim is not properly before the Court on habeas review.

Further, upon a substantive review, it appears that the Indictment in this case passes

---

[4]     The Court notes the general rule in Louisiana that defects in an indictment or information are not subject to review in the appellate courts if they were not raised in the trial court before conviction.   *See State v. Allen*, 824 So.2d 344 (La. 2002) ("[A] defendant may not raise the sufficiency of an indictment for the first time after conviction … especially when the charging document fairly informed him of the charge against him and the alleged defect did not prejudice him"); *State v. James*, 305 So.2d 514 (La. 1974); *State v. Perkins*, 155 So.3d 649 .

constitutional muster.   In this regard, a charging document is sufficient for constitutional purposes if it both informs a defendant of the accusation against him, so as to enable him to prepare his defense, and affords him protection against double jeopardy.   *United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008).   *See also* the Official Comments to La. Code Crim. P. art. 473, which note that a primary concern of a charging document is "protection of the defendant's constitutional right to be informed of the nature and cause of the accusation against him, and with requiring a description of the injured party ... adequate to support a plea of double jeopardy."   Article 464 of the Louisiana Code of Criminal Procedure provides that "[t]he indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."   The indictment shall cite the relevant statute which the defendant is alleged to have violated, and it is not essential that the date, time or place of the offense be stated with particularity.   La. Code Crim. P. arts. 468-69.   In addition, words and phrases utilized in the indictment are given either their usual meaning or, where appropriate, their legal meaning.   La. Code Crim. P. art. 477.   Finally, a bill of particulars may be requested by either the defendant or the trial court to provide "more specifically the nature and cause of the charge."   La. Code Crim. P. art. 484.   *See also State v. Liner*, 397 So.2d 121 (La. 1979) (recognizing the validity of Louisiana's short form indictments).

In the instant case, the Indictment was stamped a "true bill," was signed by the foreman of the grand jury, and plainly stated that "In the Parish of Livingston, State of Louisiana, on June 20, 2003, … Donald Pea did violate: .. R.S. 14:64 ARMED ROBBERY, by the intentional taking of property having value from the person of another or which is in the immediate control of another, namely CONNIE LUTZ, by use of force or intimidation while armed with a dangerous weapon, to-wit: GUN."   It appears, therefore, that the Indictment set forth, with particularity, the identity of the victim, the date of the offense, and the pertinent statute.   This Court, therefore, sees no

constitutional deficiency in the indictment.  *See Gross v. Cain*, 2010 WL 1552739 (E.D. La.,

March 11, 2010) (finding "more than adequate" a second degree murder indictment that provided

notice to the defendant "of the statutory provision of which he was accused, the date and venue of

the murder, and the identity of the victim").   Accordingly, there was no deficiency in the

indictment in this case, and this claim is without merit.

Petitioner's Claim No. 4, That The Trial Judge Provided
An Improper Jury Instruction Regarding Principals, Is Without Merit

Petitioner next asserts that the trial court provided a deficient instruction to the jury

regarding the law relative to the culpability of principals to an offense.   In this regard, the trial

court's instruction to the jury was as follows:

> All persons concerned in the commission of a crime are principals and are guilty of
> the crime charged if, whether present or absent, they directly commit the act
> constituting the crime, aid and abet in its commission, or directly [sic] or indirectly
> counsel or procure another to commit the crime.

Tr. Transcript, Vol. V, p. 507.   Petitioner's specific complaint relative to this instruction is that

the trial court omitted any requirement that the jury find that Petitioner had the specific intent to

commit armed robbery.   Petitioner is clearly mistaken relative to this contention.   The cases

relied upon by Petitioner deal exclusively with offenses which require that specific criminal intent

be found on the part of the perpetrator.  *See, e.g., State v. Holmes*, 388 So.2d 725 (La. 1980)

(second degree murder); *Flowers v. Blackburn*, 779 F.2d 1115 (5th Cir. 1986) (first degree

murder); *State v. Butler*, 322 So.2d 189 (La. 1975) (attempted murder); *State v. Taylor*, 683 So.2d

1309 (La. App. 3rd Cir. 1996) (attempted manslaughter); *State v. Pyke*, 640 So.2d 460 (La. App.

3rd Cir. 1994) (attempted second-degree murder).   In the instant case, however, Petitioner was

charged with armed robbery which, under Louisiana law, is a general intent crime.  *See State v.*

*Smith*, 23 So.3d 291, 297 (La. 2009).   Thus, as stated by the Louisiana Supreme Court in *State v.*

*Smith, supra*, an armed robbery offender has the requisite intent when "from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire on his part to have accomplished such result." Thus, "when the proof shows that the perpetrator armed with a dangerous weapon causes another to surrender to him whatever was the object of the robbery, the necessary criminal intent has been furnished by the very doing of those criminal acts." *Id*. Accordingly, there was no requirement that the trial court instruct the jury regarding Petitioner's specific intent to commit armed robbery, and the court's instruction relative to the culpability of principals was legally correct. This assignment of error, therefore, is without merit.[5]

Petitioner's Claim No. 5, That He Was Prevented
From Testifying At Trial By His Attorney, Is Without Merit

Petitioner next asserts that he was deprived of his constitutional right to testify at trial because his attorney refused to allow him to testify and threatened to withdraw from representation if Petitioner persisted in asserting that he wanted to testify. When a habeas petitioner contends that his attorney has interfered with his right to testify, the "appropriate vehicle for such claims is a claim of ineffective assistance of counsel." *United State v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002), *quoting Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).

A habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense,

---

[5] Petitioner further asserts in connection with this claim, as well as others, that both his trial and appellate attorneys provided deficient performance in failing to raise the respective claims at trial or on appeal. The Court will principally address Petitioner's ineffective assistance of counsel claims together in addressing the petitioner's Claim No. 8, *infra*.

*i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel. *Id*.

To satisfy the deficiency prong of the *Strickland* standard, Petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *See, e.g., Brown v. Dretke*, 419 F.3d 365, 374 (5th Cir. 2005). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. *See id.; Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Bell v. Cone*, ___ U.S. ___, 535 S.Ct. 1843, 1852 (2002); *Martin v. McCotter,* 796 F.2d 813, 817 (5th Cir. 1986). Great deference is given to counsel's exercise of professional judgment. *Id*.

If Petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors. *See Premo v. Moore*, 562 U.S. 115, 122 (2011) ("To establish ineffective assistance of counsel, 'a defendant must show both deficient performance by counsel and prejudice"). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for Petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland v. Washington, supra*, 466 U.S. at 693. Rather, Petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Williams v. Taylor*, 529 U.S. 362, 391 (2000). A habeas petitioner need not show that his counsel's alleged errors "more likely than

not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome."   *Id*.   Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential."   *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The above showing is one that Petitioner cannot make in the instant case.   With regard to whether an attorney has rendered deficient performance by interfering with a petitioner's right to testify, the courts have recognized that an attorney's decision not to call a criminal defendant to testify is normally "part of counsel's trial strategy" and is a "judgment call which should not easily be condemned with the benefit of hindsight."   *See United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002).   In the instant case, in light of Petitioner's admitted record of prior felony offenses, the Court is unable to conclude that it was deficient conduct to advise Petitioner not to testify.   At the same time, however, Petitioner contends in the instant case that his attorney refused to allow him to testify, notwithstanding a stated wish to do so, and "it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice."   *Id*.

Whereas Petitioner contends that his attorney refused to allow him to testify, this is a conclusory assertion, and there is nothing in the record to support it beyond Petitioner's mere assertion to that effect.   A habeas petitioner in this context has the burden of proving that he was denied this constitutional right, and it is not enough to merely state that he told his trial attorney that he wanted to testify and that his attorney forbade him from doing so.   *See Reed v. Cain*, 2014 WL 2050613, *9-10 (E.D. La. Sept. 2, 2014); *Turcios v. Dretke*, 2005 WL 3263918, *6 (S.D. Tex. Nov. 29, 2005), *citing Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991).   In *Underwood*,

the Seventh Circuit specifically noted the potential problems likely to arise if habeas petitioners making similar arguments were not required to satisfy the burden of proof.  *Id*. at 475.  The *Underwood* Court recognized that such assertions, even if made under oath, were inadequate to meet that burden:

> [T]his barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him.  It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary – and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify – to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

*Id*. at 476.  Citing *Underwood*, the United States Court of Appeals for the Fifth Circuit has also indicated having the same concerns, noting that "Courts have observed that allowing a bare assertion of a right-to-testify violation to precipitate the further investment of judicial resources is problematic."  *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999).[6]

Based on the foregoing, and the complete absence of any corroborating evidence in the record, this Court is unable to conclude that the state trial court's determination was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts.  It thus appears likely that Petitioner ultimately acquiesced in the

---

6       Whereas the *Martinez* Court determined that a remand was warranted to afford the petitioner an opportunity to supplement his bare-bones allegations, the issue in *Martinez* was presented in the context of a federal habeas corpus proceeding under 28 U.S.C. § 2255, which does not require the deference that is afforded to state court determinations under 28 U.S.C. § 2254. As noted in *Johnson v. Cain*, 2014 WL 931377, *16 (E.D. La. Mar. 10, 2014), "the Court cannot ignore the fact that [petitioner] has never presented *any* evidence either to the state courts or to this Court to corroborate his allegations."  *See also Taylor v. Cain*, 2013 WL 5718543, *14 (W.D. La. Oct. 21, 2013) ("Petitioner has had ample time and opportunity to pursue or file evidence to support his suggestion that counsel refused to let him testify.   Under the circumstances, it appears that no further opportunity to obtain such evidence need be provided by this court.   Petitioner can use the 14-day objection period following the entry of this report and recommendation to file such evidence if he has any, before this claim is dismissed").

advice of his attorney and did not take the witness stand based on that advice. The trial court's determination in this regard was not an unreasonable determination of the facts in light of the evidence in the record.

In addition to the foregoing, even were Petitioner to establish that he was prevented from testifying at his criminal trial because of his attorney's deficient conduct, Petitioner would also need to establish that he was prejudiced as a result of the referenced deficiency. *See United States v. Mullins, supra*, 315 F.3d at 456 (finding that although Petitioner's attorney in fact prevented Petitioner from testifying at trial, Petitioner could show no prejudice resulting from the attorney's deficient conduct). *See also Bell v. Quarterman*, 330 Fed. Appx. 492 (5th Cir. 2009); *Graham v. Roberts*, 96 F.3d 1445 (5th Cir. 1996). In light of the overwhelming evidence of Petitioner's guilt in this case, including the fact that he was identified as one of the perpetrators of the armed robbery by a bank employee, that his fingerprints were found on and in the vehicle implicated in the robbery, that a firearm, cash, money wrappers and other items consistent with the robbery were found in the vehicle, that a large amount of cash was found in the woods near the vehicle (where one of the perpetrators was observed to have run), and that DNA consistent with the petitioner was found on both an object left at the bank and on objects (including a firearm) discovered in the vehicle, there is little basis for concluding either that had Petitioner testified, the result of the proceeding would have been different, or that Petitioner's counsel's alleged errors were such as to undermine confidence in the outcome. Further, Petitioner has provided no information whatever regarding what his testimony would have been or how it might have favorably influenced the jury. To the contrary, all that Petitioner states is that "[h]ad [he] been able to present his defense to the jury, perhaps the jury would have found it unbelievable and convicted him anyway – but of course we will never know." *See* R. Doc. 1-1 at p. 23. Accordingly, the Court finds that Petitioner is

unable to show prejudice resulting from his attorney's alleged deficient conduct, and this claim is subject to dismissal for this reason as well.

Petitioner's Claim No. 6, That The Trial Court Failed To Properly<br>Instruct The Jury Regarding Circumstantial Evidence, Is Without Merit

Petitioner next asserts that the trial court failed to provide adequate instruction to the jury regarding circumstantial evidence.   In this regard, the trial court stated to the jury:

> Evidence is either direct or circumstantial.   Direct evidence is evidence which, if believed, proves a fact.   And circumstantial evidence or indirect evidence is evidence which, if believed, proves a fact, and from that fact you may logically and reasonably conclude that another fact exists.   You cannot find a defendant guilty solely on circumstantial evidence unless the facts proved by the evidence exclude any reasonable hypothesis of innocence.

Tr. Rec. Vol. 5, p. 945.   Petitioner appears to argue that the final sentence in this instruction creates a separate standard for determining the sufficiency of the evidence in cases involving solely circumstantial evidence, and the trial court should have instructed that "even where circumstantial evidence is involved in *whole* or in *part* the state bears the burden of proving the existence of all of the elements of the crime beyond a reasonable doubt."   *See* R. Doc. 1-1 at p. 24 (emphasis in original).

There is no support for this contention.   The above statement is a legally correct statement of Louisiana law and is statutorily required in Louisiana.   *See* La. R.S. 15:438 ("The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence").   *See also State v. Camp*, 446 So.2d 1207 (La. 1984) ("Therefore, when the defendant requests an instruction in a Louisiana case involving circumstantial evidence, the trial judge is statutorily required to instruct the jury in accordance with Section 438").   Accordingly, there was no error on the part of the trial judge in providing this instruction.   Nor is an instruction regarding the weight to be given

circumstantial evidence required by federal law or by the Constitution and, in fact, greater emphasis is placed upon the requirement that the jury be instructed that every element of an offense charged must be proven beyond a reasonable doubt.   Thus, as stated in *Holland v. United States*, 348 U.S. 121 (1954):

> The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt….   [T]he better rule is that where the jury is properly instructed on the standards of reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect.   Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result.   Yet this is equally true of testimonial evidence.   In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference.   In both, the jury must use its experience with people and events in weighing the probabilities.   If the jury is convinced beyond a reasonable doubt, we can require no more.

*Id*. at 139-40 (citations omitted).   In the instant case, the trial court repeatedly emphasized to the jury that it must find every element of the offense charged to be proven beyond a reasonable doubt.

Thus, the court stated:

> The Defendant is presumed to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt….

> The burden is on the State to prove the Defendant's guilt beyond a reasonable doubt.   In considering the evidence, you must give the Defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. If you are not convinced of the guilt of the Defendant beyond a reasonable doubt, you must find him not guilty.

> While the State must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt.   Reasonable doubt is doubt based on reason and common sense and is present when, after you have carefully considered all the evidence, you cannot say that you are firmly convinced of the truth of the charge….

> As jurors you alone shall determine the weight and credibility of the evidence.   As the sole judges of the credibility of the witnesses and of the weight their testimony deserves, you should scrutinize carefully the testimony given and the circumstances under which the witness has testified.

Tr. Transcript, Vol. V, pp. 504-05.   And after addressing other matters, including the definitions of direct and circumstantial evidence and the elements of the offense of armed robbery, the trial court further stated:

> [I]n order to convict the Defendant of the offense charged, you must find beyond a reasonable doubt that the State proved every element of armed robbery.
>
> Thus, if you are convinced beyond a reasonable doubt that the Defendant is guilty of armed robbery, your verdict should be GUILTY OF ARMED ROBBERY.
>
> If you are not convinced that the Defendant is guilty of the offense of armed robbery, you may find the defendant guilty of a lesser offense, if you are convinced beyond a reasonable doubt that the Defendant is guilty of a lesser offense….
>
> If the State has failed to prove beyond a reasonable doubt that the Defendant is guilty of the offense charged, armed robbery, or of a lesser responsive offense, the form of you verdict should be NOT GUILTY.

*Id*. at pp. 509, 514.

Based on the foregoing, this Court is unable to conclude that there was any error on the part of the trial court in its instructions to the jury regarding circumstantial evidence and the need for every element of the charged offense to be established beyond a reasonable doubt. Accordingly, this assignment of error is without merit and should be rejected.

Petitioner's Claim No. 7, That His Right To Due Process And Equal Protection Were Violated When There Were No African-Americans In The Jury Venire, Is Without Merit

Petitioner next asserts that there were no African-Americans included in the jury venire on the morning of trial and that, as a result, his constitutional rights to due process and equal protection were denied, and his right to effective appellate representation was denied when his appellate attorney failed to raise this issue on appeal.   Petitioner fails, however, to present any argument or authority relative to this claim.   To the contrary, Petitioner merely complains, without discussion, that the state trial court neglected to rule on this claim when it was presented in a supplement to his state post-conviction relief application.   *See* R. Doc. 1-1 at p. 25.   As to substance, Petitioner

merely refers this Court's attention to the referenced supplement in the state court record.   *See id.*

Petitioner's claim should be rejected.   In this regard, the failure of a petitioner to adequately brief or argue his claims before this Court is an adequate basis for the Court to find that the claims have been waived or abandoned.   *See Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005) (finding that a petitioner's claims were waived on appeal where he failed to adequately brief them and "merely list[ed] his ineffective assistance complaints in summary fashion, without discussing the legal and factual basis for each complaint"); *Newbury v. Thaler*, 2010 WL 3704028, *5 (N.D. Tex. Sept. 21, 2010) (finding waiver where the petitioner "set[ ] forth no argument or caselaw" to support his contentions regarding ineffective assistance); *Berry v. Epps*, 2006 WL 2865064, *5 (N.D. Miss. Oct. 5, 2006) (same, where the petitioner's argument was "conclusory and without requisite specificity"); *Marshall v. Dretke*, 2005 WL 1562695, *8 (S.D. Tex. June 29, 2005) (same, where "[n]owhere in [his] pleadings does it appear petitioner has presented any factual or legal analysis or argument in support for [his] proposition").   In *Berry v. Epps*, *supra*, for example, the Court found a petitioner's habeas claim to be abandoned where he offered no argument in support thereof and, as here, merely referred to a memorandum filed in the state court record, concluding that "[p]etitioner's argument is conclusory and without requisite specificity or relevance to this petition."   Accordingly, Petitioner's claim in this regard should be deemed abandoned.[7]

---

[7]      In any event, Petitioner's claim has not been shown to be potentially meritorious.   In the first place, his contention that the state trial court neglected to consider his supplemental claim is not supported by the record.   The record reflects that on June 26, 2012, Petitioner filed a motion to strike his original claim no. 6 (which erroneously presented a claim pursuant to *Batson v. Kentucky*) and on the same date filed a motion to supplement his post-conviction relief application with a new claim no. 6 which presented the instant claim.   The trial court granted Petitioner's motion to strike, but the record does not reflect that any ruling was made on Petitioner's motion to supplement.   Notwithstanding, the trial court had ample time to consider the supplemental claim and did not deny petitioner's PCRA until approximately four months later in November, 2012.

Petitioner's Claim No. 8, That He Was Provided With Ineffective
Assistance Of Counsel At Trial And On Appeal, Is Without Merit

Finally, the petitioner asserts that he was provided with ineffective assistance of counsel both at trial and on appeal.   The standard for evaluating this claim has been set forth above and requires both a showing of deficient performance and prejudice resulting therefrom.   *See Strickland v. Washington, supra*.   This standard also applies in the context of appellate counsel, and upon a showing of objective deficiency in the performance of appellate counsel, Petitioner must show a "reasonable probability that, but for counsel's unreasonable failure …, he would have prevailed on his appeal."   *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Petitioner first asserts that his trial attorney failed to conduct a basic investigation, interview prosecution witnesses, and pursue discovery.   According to Petitioner, had his attorney conducted such investigation, "counsel would have had crucial information regarding any unsworn statement that implicated [Petitioner] as to the armed robbery ….   Thus armed, counsel could have prepared and presented a viable defense," including "preventing the introduction of inadmissible evidence" and "question[ing] [the witnesses] properly when they testified at trial." *See* R. Doc. 1-1 at p. 26.   Petitioner provides no information whatever, however, as to what "crucial" information a further investigation may have uncovered, as to what inadmissible evidence was presented at trial that should have been excluded, or as to what lines of cross-examination Petitioner's attorney failed to pursue.   Thus, Petitioner has provided the Court with

---

Second, with regard to the substantive basis for Petitioner's supplemental claim, the record reflects that when Petitioner's attorney objected to the lack of diversity in the jury venire, the trial court overruled the objection, stating that, "[i]t's randomly done.   The prospective jurors are selected by random from the central jury pool. That's the only fair way to make it balance and get an impartial jury."   Tr. Transcript, Vol. III, p. 16.   Petitioner has offered no evidence to refute this assertion by the trial court and no evidence, statistical or otherwise, that reflects that African-Americans are or were under-represented in the central jury pool in Livingston Parish or that the manner in which jury venires are or were constituted was discriminatory or subject to abuse.

no information with which to evaluate or address this claim.

A petitioner who alleges a failure to investigate on the part of counsel must be able to show with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). Petitioner cannot show prejudice with respect to a claim that counsel failed to investigate without adducing what the investigation would have shown. *Diaz v. Quarterman*, 239 Fed. Appx. 886, 890 (5th Cir. 2007). Petitioner cannot meet that test in this case. All that he provides is mere speculation regarding unspecified "crucial" information that may have been discovered upon further investigation and that would have allowed for the exclusion of unspecified inadmissible evidence or for more effective cross-examination. Such speculation is not sufficient to establish deficient performance on the part of the petitioner's attorney. *See Moawad v. Anderson, supra*, 143 F.3d at 948 (rejecting a claim of alleged deficient performance for failure to investigate "powder burns" where the petitioner "merely asserts that there might have been powder burns"). Accordingly, Petitioner has failed to provide sufficient support for this claim.

Petitioner further asserts that his trial and appellate attorneys provided ineffective assistance by failing to object to the allegedly defective indictment and by failing to present this issue on direct appeal. With regard to the conduct of Petitioner's trial attorney, the Court finds that Petitioner is unquestionably unable to show any prejudice resulting from the failure to move to quash the indictment. Specifically, had his attorney succeeded in having the indictment quashed, there is no reason to suggest that the State would not simply have amended the charging document to cure the noted deficiency, thereby achieving, if anything, only a delay in the trial. *See Tarver v. Cain, supra*, 2007 WL 677171 at *10, *citing Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). Specifically, Louisiana law allows for the amendment of an indictment or bill of

information prior to trial, La. Code Crim. P. art 487, and a grand jury indictment is not required in Louisiana for offenses not punishable by death or life imprisonment.   La. Code Crim. P. art 382. Thus, given the strength of the evidence against him, it is without doubt that a timely motion to quash would have done no more than delay the inevitable.   *See Merridith v. Cain*, 2006 WL 2054446, *7 (W.D. La. June 29, 2006) (Report and Recommendation adopted by District Judge). In other words, had the motion been made and granted at the trial court level, Petitioner would merely have been subjected to re-trial pursuant to a bill of information or pursuant to re-indictment by a properly convened grand jury, and there is no showing that the result would have been any different.   *See Pickney v. Cain, supra*, 337 F.3d at 545 ("[W]e have no doubt that, if [Petitioner] had been successful in having his indictment quashed, the State of Louisiana would have sought and obtained a second indictment").   Accordingly, there is no showing of prejudice that resulted from the failure of Petitioner's trial attorney to challenge the indictment in this case, and this claim is without merit.   Further, with regard to this claim asserted against Petitioner's appellate attorney, there was clearly no deficiency in failing to raise this non-meritorious issue on appeal.   *See Lapell v. Cain*, 2005 WL 3541069, *18 (E.D. la. Nov. 4, 2005) (relying upon Louisiana law and finding that an indictment is not subject to attack on appeal if it was not challenged in the trial court: "'[A] defendant may not complain of the insufficiency of an indictment after verdict unless it is so defective that it does not set forth an identifiable offense against the laws of this state, and inform the defendant of the statutory basis of the offense'").   As previously discussed, *supra,* the indictment in this case was more than sufficient to identify the offense charged against Petitioner.

Finally, Petitioner asserts that he was provided with ineffective assistance of counsel because his trial attorney failed to object to the allegedly improper instructions provided by the trial court to the jury in this case.   However, in substantively addressing Petitioner's arguments

regarding the jury charges above, the Court has found no deficiencies therein.   Accordingly, it was not deficient performance for Petitioner's attorney to fail to object to the referenced instructions because it is not deficient performance to fail to assert a non-meritorious claim in state court.

Accordingly, based on the foregoing, the Court concludes that Petitioner's application for habeas corpus relief should be denied.

Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).   Although the Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.   *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   In the instant case, the Court finds that reasonable jurists would not debate the denial of the Petitioner's § 2254 application or the correctness of the procedural or substantive ruling.   Accordingly, it is appropriate that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

<u>RECOMMENDATION</u>

It is recommended that Petitioner's application for habeas corpus be denied, and that this proceeding be dismissed, with prejudice.  It is further recommended that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 28, 2017 .


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**